IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN KANGDI ELECTRONIC & PLASTIC CO., LTD., *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> MICHAEL KEHOE d/b/a SHAMROCK TRIPLE GYM, <br><br> *Defendant*. | Case No. 1:22-cv-06794 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND OTHER RELIEF**

Plaintiffs Shenzhen Kangdi Electronic & Plastic Co., Ltd. *et al*. ("Plaintiff") respectfully submit this Memorandum in Support of Plaintiffs' Motion for entry of an *Ex Parte* Temporary Restraining Order ("TRO"), including a temporary injunction and foreign alternative service ("TRO Motion").

**MEMORANDUM**

I.   **INTRODUCTION**

Plaintiffs are requesting temporary *ex parte* relief based on a utility patent declaratory judgment action against Defendant Michael Kehoe d/b/a Shamrock Triple Gym ("Defendant"). As alleged in the Complaint, Defendant has filed several Amazon Infringement Complaints against Plaintiffs' workout equipment products claiming infringement of U.S. Patent No. 10,898,752 ("the '752 Patent") and U.S. Patent No. 11,484,746 ("the '746 Patent") (collectively, "Patents-in-Suit"), resulting in the delisting of Plaintiffs' workout equipment products. Plaintiffs filed the Complaint, seeking a declaratory judgment of invalidity of the Patents-in-Suit and of non-infringement of the Patents-in-Suit by Plaintiffs' workout equipment products. Defendant's inequitable conduct continues to irreparably harm Plaintiffs by delisting Plaintiffs' workout equipment products, effectively preventing Plaintiffs from selling Plaintiffs' workout equipment products on their well-established ASINs. Defendant's ongoing inequitable conduct should be restrained to prevent further irreparable harm to Plaintiffs. As such, Plaintiffs respectfully request that this Court issue an *ex parte* TRO.

II.  **STATEMENT OF FACTS**

   A.   **Plaintiffs' Workout Equipment Products**

Plaintiffs are all Chinese companies specializing in the sale of various home workout equipment goods to consumers in the United States via Amazon under their respective brand names. Plaintiffs' respective brands have enjoyed considerable commercial success on Amazon over time. For example, KAKICLAY has earned a 92% positive rating in the last twelve months out of 176 reviews, and a lifetime 97% positive rating out of 1,155 reviews (*see* below). As such, Plaintiffs have built substantial goodwill and associated reputation in their respective brands

amongst consumers. *See* Exhibits A-G, Declarations of Jianfeng Zhang, Chen Zhang, Chen Keshun, Yao Xiaobo, Huang Xin Miao, Xiong Liang, and Zhu Dong Cai.

|  | 30 days | 90 days | 12 months | Lifetime |
|---|---|---|---|---|
| Positive | 87% | 89% | 92% | 97% |
| Neutral | 0% | 2% | 2% | 1% |
| Negative | 13% | 9% | 6% | 2% |
| Count | 38 | 87 | 176 | 1,155 |

(https://www.amazon.com/sp?ie=UTF8&seller=A2QL89CFMSZWWJ&asin=B09BCLRHYL&ref_=dp_merchant_link&isAmazonFulfilled=1)

A significant portion of Plaintiffs' branded goods sold on Amazon include workout equipment products that embody and practice Chinese Utility Patent No. CN 214971472 and U.S. Design Patent Application No. 29/797283.

Plaintiffs' workout equipment products, as identified at least by ASINs B09BCLRHYL, B09NM1TV9W, B0B2DPCLFF, B09HS76CBD, B08BPG4LK1, B08GFMRBQQ, B09MVKNS55, B09D3HLCD1, and B0B2L7GT39, have been available on Amazon since 2021. Since then, the listings have been successful and accounted for a significant portion of the overall sales of the respective stores. For example, ASIN B09BCLRHYL was ranked #4 in Strength Training Pull-Up Bars sales based on seller performance measurements including account health, reviews, product price, and other factors. *See* Ex. A. Based on these strong key performance indicators, Plaintiffs' workout equipment product listings enjoyed a strong Amazon sales rank, *i.e.*, the listings were ranked higher in product searches, which is critical to connecting with more

customers, driving quality traffic to product listings, boosting product and brand visibility, and increasing conversion rates and sales growth.[1]

### B. Defendant's Inequitable Conduct

Defendant is a foreign individual and owner of the Patents-in-Suit, which both generally disclose and claim a foldable exercise device with a chin-up exercise apparatus and a dip exercise apparatus suspended from the chin-up exercise apparatus. The Patents-in-Suit both claim priority to Application No. 16/945,864 which was files on August 1, 2020. Upon information and belief, Defendant owns and/or operates the Amazon storefront Triple Door Gym through which Defendant sells workout equipment products under the brand name Shamrock Triple Gym that embody the Patents-in-Suit. Upon information supplied to Amazon, Defendant is believed to reside and be a citizen of Ireland with a primary electronic mail address of mickk240@gmail.com.

On or around October 2022, Defendant filed several Amazon Infringement Complaints (Complaint IDs: 11004034401, 11012744131, 11036387991, 10942199021) against Plaintiffs' workout equipment product listings. Therein, Defendant alleged that Plaintiffs' workout equipment products infringe the '752 Patent. As a result, Plaintiffs' listings were removed from Amazon, effectively preventing Plaintiffs from further selling these products on Amazon and destroying all goodwill associated with the respective ASINs. Further, Plaintiffs' associated inventory will be lost 60-days from the date of the Complaints. Plaintiffs have appealed the delisting of the products using internal Amazon procedures with little to no success.

## III. ARGUMENT

Absent the entry of a TRO, Defendant's inequitable conduct will continue to cause

---

[1] *See* https://sell.amazon.com/blog/getting-started/amazon-seo-to-optimize-product listings#:~:text=Amazon%20search%20engine%20optimization%20(SEO,help%20shoppers%20find%20your%20brand.

irreparable harm to Plaintiffs. The Federal Rules of Civil Procedure provide that a Court may issue an *ex parte* TRO where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b). Here, the entry of a TRO is appropriate because it would immediately stop Defendant from continuing to benefit from the delisting of Plaintiffs' workout equipment products and would preserve the *status quo ante* until the respective rights of the Parties regarding the claimed workout equipment is resolved.

### A. The *Ex Parte* TRO Standard

Federal Rule of Civil Procedure 65(b) provides that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if… specifics facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Plaintiffs seeking an *ex parte* restraining order must also show: "(1) a likelihood that it will prevail on the merits of the lawsuit, (2) that it will suffer irreparable harm without injunctive relief, and (3) that there is no adequate remedy at law." *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13 C 2167, 2013 U.S. Dist. LEXIS 47248, at *4 (N.D. Ill. Mar. 27, 2013) (*citing Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)). "If these requirements are met, the court must then balance the degree of irreparable harm to the plaintiff against the harm that the defendant will suffer if the injunction is granted." *Deckers*, 2013 U.S. Dist. LEXIS 47248 at *4 (*citing Incredible* Techs., 400 F.3d at 1011*))*; *see also Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 824 (7th Cir. 1998). "Lastly, the court must consider the public interest (non-parties) in denying or granting the injunction." *Decker*, 2013 U.S. Dist. LEXIS 47248 at *4. "The court must apply a sliding scale

approach in determining whether to issue a temporary restraining order - the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms needs to be to favor the plaintiff's position." *Decker*, 2013 U.S. Dist. LEXIS 47248 at *4 (*citing TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

**B.     Plaintiffs Meet the *Ex Parte* TRO Standard**

Herein, Plaintiffs establish: (1) a likelihood of success on the merits of the patent invalidity and non-infringement declaratory judgment claims; (2) that it will suffer irreparable harm in the form of the continued delisting of Plaintiffs' workout equipment products from Amazon and the loss of goodwill and reputation associated with their respective brands without injunctive relief, and (3) that there is no adequate remedy at law. Further, the balance of harms and the public interest favor granting a TRO.

*i.     Plaintiffs Will Likely Succeed on the Merits*

To succeed on the merits of the patent invalidity declaratory judgment claim, Plaintiff must show that the Patents-in-Suit are invalid for failing to comply with at least one of the statutory conditions of patentability, such as novelty or obviousness. For example, 35 U.S.C § 102 states in relevant parts: "A person shall be entitled to a patent unless — (1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention..." Similarly, 35 U.S.C. § 103 states: "A patent for a claimed invention may not be obtained… if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains."

Here, Plaintiffs have shown that the cited prior art references invalidate the Patents-in-Suit

6

for failing to comply with 35 U.S.C § 102 and/or § 103, *i.e.*, the Patents-in-Suit are not novel and/or are obvious.

For example, at least claims 1-2, 5-6, 10, 12, 15, and 18 of the '752 Patent are invalid under 35 U.S.C. § 102 as anticipated by Ivan (U.S. Patent Application Publication No. US2018/0085622), Poat (U.S. Patent Application Publication No. US2013/0225373), and Maughan (U.S. Patent Application Publication No. US2013/0244836). Ivan, Poat, and Maughan each disclose every limitation in the claims of the '752 Patent. *See* Dkt. No. 1, ¶¶ 38-45. To the extent that Ivan, Poat, or Maughan do not fully anticipate the '752 Patent independently, it would still have been obvious to combine Ivan, Poat, and Maughan to a person of ordinary skill in the art of exercise devices, rendering the '752 Patent obvious.

Similarly, at least claims 16, 8, 14-18 of the '746 Patent are invalid under 35 U.S.C. § 102 as anticipated by Chen (Chinese Patent No. CN207187019), Spence (U.K. Patent Application Publication No. GB2472242), and Kim (South Korean Patent Application No. KR20130093219). Chen, Spence, and Kim each disclose every limitation in the claims of the '746 Patent. *See* Dkt. No. 1, ¶¶ 55-62. To the extent that Chen, Spence, or Kim do not fully anticipate the '746 Patent independently, it would still have been obvious to combine Chen, Spence, or Kim to a person of ordinary skill in the art of exercise devices, rendering the '746 Patent obvious.

Since the Patents-in-Suit are more than likely invalid, it is axiomatic that Plaintiffs' workout equipment products do not infringe because there are no rights to be infringed upon. Even so, Plaintiffs have shown that their workout equipment products do not infringe the Patents-in-Suit. For example, Plaintiffs' workout equipment products do not infringe the '752 Patent because they do not practice every claimed limitation of at least independent claims 1, 5, and 12. Defendant has even tacitly admitted that Plaintiffs' workout equipment products do not infringe the '752 Patent. Several

key limitations of the '752 Patent, such as a foldable exercise device, a dip exercise apparatus suspended from a distinct chin-up exercise apparatus, a bottom grip rotated from a flat configuration to an exercise configuration, in the flat configuration the bottom grips and the horizontal connecting member are substantially parallel, and a parallel chin-up handle that rotate on the connecting member from a flat configuration to an exercise configuration, are plainly not present in Plaintiffs' workout equipment products. *See* Dkt. No. 1, ¶¶ 46-54. Similarly, Plaintiffs' workout equipment products do not infringe the '746 Patent because they do not practice every claimed limitation of at least independent claims 1, 8, and 14. Several key limitations of the '746 Patent, such as a foldable exercise device, rotate from a flat configuration to an exercise configuration, transition to an exercise configuration, and connecting member and horizontal member substantially coplanar, are plainly not present in Plaintiffs' workout equipment products. *See* Dkt. No. 1, ¶¶ 63-70.

Plaintiffs have established that the Patents-in-Suit are likely invalid and that Plaintiffs' workout equipment products do not infringe the Patents-in-Suit. Therefore, Plaintiffs have demonstrated a likelihood of success on the merits.

> ii. *There Is No Adequate Remedy at Law and Plaintiffs Will Suffer Irreparable Harm in the Absence of a TRO*

In addition to significant, quantifiable losses, Plaintiffs are suffering largely unquantifiable, imminent harm that will soon become irreparable if the Court does not grant the TRO Motion.

The "risk of loss of market share, loss of customers, and loss of access to potential customers" can constitute irreparable harm. *E-Link Tech. Co., Ltd. v. Shenzhen Uni-Sun Elecs. Co., Ltd.*, No. 20 CV 00247, 2020 U.S. Dist. LEXIS 122771, 2020 WL 8079816, at *2 (N.D. Ill. May 14, 2020). Irreparable harm can result from the "complete loss" of an important customer relationship, *see Foodcomm, Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003), or where "a former

insider lures customers away through a competing business," *Cumulus Radio Corp. v. Olson*, 80 F. Supp. 3d 900, 912 (C.D. Ill. 2015) (quotation and citation omitted). Irreparable harm is especially likely to stem from losses in a market environment where, once lost to a competitor, customers are difficult to win back. *Ill. Bell. Tel. Co. v. MCI Telecommc'ns Corp.*, No. 96 CV 2378, 1996 U.S. Dist. LEXIS 18337, 1996 WL 717466, at *9 (N.D. Ill. Dec. 9, 1996); *OptionsCity Software*, 2015 U.S. Dist. LEXIS 80142, 2015 WL 3855622, at *5. *See McDavid Knee Guard, Inc. v. Nike USA, Inc.*, 683 F. Supp. 2d 740, 749 (N.D. Ill. 2010).

Here, Defendant's inequitable conduct continues to irreparably harm Plaintiffs by delisting Plaintiffs' workout equipment products, effectively causing an unquantifiable and significant loss of market share, loss of customers, and loss of access to potential customers. *See* Exhibits A-G. Such delisting amounts to the complete loss of the important Amazon customer relationship for these well-established listings. *Id*. Such a relationship is carefully curated over time and difficult to recreate once lost. Furthermore, Plaintiffs face a loss of consumer goodwill associated with their respective ASINs if they continued to be delisted, as a delisted ASIN rapidly falls in the Amazon rankings and results in fewer page views, if and once they are restored. *Id*. In the Amazon market environment, customers are extremely difficult to win back once lost to a competing listing, as it takes significant time to re-establish goodwill in a listing via the slow accumulation of quality reviews and a significant sales record. *Id*. Over time, a vicious feed-back loop is created: delisting leads to a lower ranking in product searches, which leads to fewer page views, which leads to fewer sales and quality reviews, which leads to a lower ranking in product searches, *etc*. These harms are magnified during the current holiday shopping season characterized by an increase in customer traffic, which is a prime opportunity to significantly boost the sales ranking. *Id*. Moreover, Plaintiffs' ASINs face permanent delisting, which would cause Plaintiffs to create new

ASINs from scratch, effectively forcing Plaintiffs to abandon all associated goodwill in the established ASINs and enter the highly-competitive Amazon market anew. The extent of the harm to Plaintiffs' reputation and associated goodwill in the Amazon marketplace and the possible diversion of customers due to a loss in ASIN/brand confidence via a loss in sales ranking, are both irreparable and incalculable, thus warranting an immediate halt to Defendant's inequitable conduct through injunctive relief. *See Promatek Industries, Ltd. v. Equitrac Corp.,* 300 F.3d 808, 813 (7th Cir. 2002) (finding that damage to plaintiff's goodwill was irreparable harm for which plaintiff had no adequate remedy at law).

Similarly, the delisting of Plaintiffs' workout equipment products poses a significant risk to the operation of Plaintiffs' business as a whole. These products are Plaintiffs' most lucrative and bestselling. The sudden delisting has hurt the bottom line to a point where Plaintiffs may be forced to shrink their current operation. Plaintiffs simply does not have the reserve assets to wait for fresh ASINs to establish themselves with a high-level sales ranking, a process that can take years. Even so, Defendant would just as easily delist any new ASINs created by Plaintiffs. Further, Plaintiffs face removal and/or destruction of its delisted inventory, which would further dampen Plaintiffs' increasingly bleak long-term financial outlook.

Finally, Plaintiffs have done everything within their power to quickly resolve this imminent and urgent problem. Plaintiffs' ASINs were first reported on or around October 2022. Plaintiffs then immediately filed internal Amazon appeals. After it became apparent that such bureaucratic appeals would bear no fruit, Plaintiffs quickly turned to the Courts via the filing of this declaratory judgement action to remedy the problem. Such haste on the part of Plaintiffs underscores the considerable urgency and immediate irreparable harm Plaintiffs will suffer if an *ex parte* Temporary Restraining Order is not issued.

### iii. The Balance of Harms and the Public Interest Favor Entry of a TRO

The Court is to consider the harm Defendant will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiffs will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895.

The injunction sought by Plaintiffs would prevent Defendant from submitting any further Amazon Infringement Complaints against Plaintiffs' workout equipment products and would require Defendant to effectively retract any current Amazon Infringement Complaints, so as to preserve the *status quo ante* until the respective rights of the Parties in regard to the claimed workout equipment design is resolved. In comparison, if such relief is denied, Plaintiffs will continue to suffer unquantifiable loss of market share, loss of customers, and loss of access to potential customers. As such, the balance of harms weighs in favor of granting the TRO. Moreover, the public interest is served by allowing competition in the marketplace.

## IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

Here, this Court has subject matter jurisdiction over the declaratory judgment claims in this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the United States Patent Laws, 35 U.S.C. § 1 *et seq.* This Court may properly exercise personal jurisdiction over Defendant because Defendant has constitutionally sufficient contacts with this District so as to make personal jurisdiction over Defendant proper as Defendant has committed the acts complained of herein within this Judicial District. Further, venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391, as Defendant is a foreign entity.

Plaintiff requests a temporary injunction thereby enjoining Defendant from further submitting any Amazon Infringement Complaints against Plaintiffs' workout equipment products

and requiring Defendant to effectively retract any current Amazon Infringement Complaints against Plaintiffs' workout equipment products. Such relief is necessary to stop the ongoing irreparable harm to Plaintiffs, and to prevent Defendant from continuing to benefit from the delisting of Plaintiffs' workout equipment products.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs further request that the Court enter an order permitting foreign alternative service on Defendant via electronic mail at mickk240@gmail.com. Alternative service through electronic mail is permitted under Federal Rules of Civil Procedure 4(f)(3), is not prohibited by international agreement, is likely the fastest and most reliable method of service available under the circumstances of this case, and duly comports with constitutional notions of due process by ensuring that Defendant has reasonable notice of the proceedings filed against him and have adequate opportunity to be heard. Federal courts have repeatedly found service by electronic mail an acceptable mean of alternative service. Such service would also avoid the unnecessary expense and delay of proceeding through formal service under the Hague Convention. Moreover, Defendant has been actively using its email address to contact Amazon and Plaintiffs regarding complaints it filed against Plaintiffs and has in fact responded to messages at that email address. Therefore, Plaintiffs request that the Court permit service on Defendant through the email address that Defendant has been using to communicate with Amazon and Plaintiffs, mickk240@gmail.com

## V. CONCLUSION

Plaintiffs respectfully pray for the entry of an *ex parte* TRO, including a temporary injunction thereby enjoying Defendant from further making Amazon Infringement Complaints against Plaintiffs' workout equipment products. Plaintiffs' further pray for alternative service via electronic mail at mickk240@gmail.com.

DATED: December 8, 2022                              Respectfully submitted,

*/s/ Hao Ni*
Hao Ni
Texas Bar No.: 24047205
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
972.331.4600
972.314.0900 (facsimile)
hni@nilawfirm.com

*COUNSEL FOR PLAINTIFFS*