IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SHENZHEN KANGI ELECTRONIC & PLASTIC CO., LTD., et al.,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**MICHAEL KEHOE d/b/a SHAMROCK TRIPLE GYM,**<br><br>    Defendant. | Case No. 22 C 6794<br><br>Judge Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Shenzhen Kangdi Electronic & Plastic Co. Ltd., Shenzhen Hanting Technology Co. Ltd., Shenzhen MeiFen Technology Co., Ltd., Yong Kang Shichenghe Fitness Equipment Business Co., Ltd., YueQing XinGuang Plastics Co., Ltd., Yueqing Xinguang-Xiong Liang, and WenZhou XiongCai Trading Co., Ltd. (collectively, "Kangdi") filed suit against Defendant Michael Kehoe ("Kehoe"), who countersued for claims of direct infringement, induced infringement, and contributory infringement. Counterclaim-Defendant Kangdi filed a Motion to Dismiss the counterclaims under Federal Rule of Civil Procedure 12(b)(6) arguing that Counterclaim-Plaintiff Kehoe failed to state a claim.

Kangdi's Motion to Dismiss (Dkt. No. 26) is granted in part and denied in part. It is denied as to Kehoe's claims of direct infringement and induced infringement. It is granted as to Kehoe's claim of contributory infringement.

## I. BACKGROUND

Viewing the facts from the record in the light most favorable to the non-movant, Kangdi, the Court recalls the following facts from Kehoe's counterclaim and Kangdi's pleadings. The Court considers alleged facts from Kehoe's exhibits and response brief when they ascribe detail to these facts and do not contradict them. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013).

### A. Parties

The Plaintiffs and the Defendant sell similar exercise products on Amazon.

The Plaintiffs (collectively, "Kangdi") are Chinese companies that operate stores on Amazon. (Counterclaim at ¶¶4-10, Dkt. No. 22; Compl. at ¶¶ 4-11, 20, Dkt. No. 1.) The companies' names are listed below alongside their respective associated brand name and store front name that sells the "accused products" in suit. (*Id.*)

| Company Name | Associated Brand Name & Store Name |
|---|---|
| Shenzhen Kangdi Electronic & Plastic Co. Ltd. | KACICLAY |
| Shenzhen Hanting Technology Co. Ltd. | Doeplex |
| Shenzhen MeiFen Technology Co., Ltd., | HandSonic |
| Yong Kang Shichenghe Fitness Equipment Business Co., Ltd. | NEWAN |
| YueQing XinGuang Plastics Co., Ltd. | Fimor |
| Yueqing Xinguang-Xiong Liang | Armpow |
| WenZhou XiongCai Trading Co., Ltd. | MasiStranth |

The Defendant, Michael Kehoe (d/b/a Shamrock Triple Gym) ("Kehoe") holds two United States patents at issue in this case. (Counterclaim at ¶¶ 12-14, 18, Dkt. No. 22.)

**B. Patents-in-Suit**

On January 26, 2021, the United States Patent and Trademark Office issued United States Patent No. 10,898,752 ("the '752 Patent") to Kehoe. (*See* Compl. Exhibit B, Dkt. No. 1-2; Counterclaim ¶ 13, Dkt. No. 22 at 10.) November 1, 2022, the United States Patent and Trademark Office issued United States Patent No. 11,484,746 ("the '746 Patent") to Kehoe. (*See* Compl. Exhibit B, Dkt. No. 1-2; Counterclaim ¶ 13, Dkt. No. 22 at 10.) Both patents are titled, "foldable exercise devices." (*Id.*) In his application for what became the '752 Patent, Kehoe describes the application as "a continuation of prior application Ser. No. 16/945,864, filed Aug. 1, 2020." (Dkt. No. 1-1 at 10.) Kehoe filed his application for the '746 Patent on August 1, 2020, and the application number was 16/945,864. (Dkt. No. 1-2 at 1.) Although Patent '752 was granted earlier, he applied for this one on August 28, 2020, a few weeks after filing the application for Patent '746. (Dkt. No. 1-1 at 1.)

Indeed, the two patents in suit (the '752 Patent and the '746 Patent) are "foldable exercise devices" that facilitate chin-up and dip exercises. (*Id.*; Counterclaim at ¶¶ 12-13, 15, Dkt. No. 22.) The patent anticipates home use by setting up the apparatus in a doorway as well as compact storage. (Compl. Exhibit B, Dkt. No. 1-2.)

**C. Amazon**

Kangdi sold exercise equipment to customers from their Amazon store fronts. (Counterclaim at ¶ 18, Dkt. No. 22.) Kangdi advertised the products they sold as devices facilitating chin-up exercises in home doorways. (*Id.* at 28; see Dkt. No. 28.) Upon making sale, Kangdi provided

third-party customers with the "detailed instruction" that demonstrated how the product works and served to "teach third parties how to use the product." (Counterclaim at ¶ 33, Dkt. No. 22.)

In January 2021, Kehoe entered into a royalty agreement with the Kangdi defendant that sells on Amazon the Armpow brand, Yueqing Xinguang-Xiong Liang ("Armpow"). (Royalty Agreement, Motion to Set Aside Preliminary Injunction Exhibit D; Dkt. No. 24-5; *see also* Counterclaim ¶ 20.) Armpow agreed to pay 8 dollars per unit for 1200 units of a product which they admitted was infringing the Patent-in-Suit. Kangdi agreed to stop selling once the 1200 units were sold. Kangdi sold the units, paid the royalty, and stopped selling as agreed. (Counterclaim ¶ 20.) This cessation of sales only lasted for a period of time, however, and Armpow and other companies in suit were actively selling similar products by August 2022. (*Id.* at ¶ 21.) At this time, Kangdi made no attempts to license the product and "did not want to discuss the situation." (*Id.*)

On or around October 2022, Kehoe initiated the patent infringement evaluation process through Amazon on products sold by Amazon stores KAKICLAY, Doeplex, HandSonic, NEWAN, Fimor, Armpow, and MasiStranth. (Compl. at ¶ 28, Dkt. No. 1.) Kangdi alleges that the filing of these complaints caused them harm.

Amazon completed a similar evaluation process regarding one of Armpow's products or around June 24, 2021, with the finding that the Armpow product at issue likely infringed up on the '752 patent. (Amazon

Patent Evaluation No. 8187057741, Motion for Preliminary Injunction Exh. E, Dkt. No. 30-5.)

### D. This Suit

On December 2, 2022, Kangdi filed this action for declaratory judgment of patent invalidity and non-infringement and allegations of tortious interference with business expectancy between sellers on Amazon. (Dkt. No. 1.) On January 23, 2023, Kehoe filed counterclaims along with his answer and affirmative defenses. (Dkt. No. 22.) He counterclaimed direct infringement, induced infringement, and contributory infringement. (*Id*.) On February 6, 2023, Kangdi filed a motion to dismiss each counterclaim for failure to state a claim. (Dkt. No. 30.)

### II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a claimant must provide a "short and plain statement of the claim" showing that the pleader merits relief, FED. DKT. NO. CIV. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 (1957)).

A claim to relief must be "plausible on its face." *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Twombly,* 550 U.S. at 570). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). This plausibility

standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Williamson v. Curran,* 714 F.3d 432, 436 (7th Cir. 2013).

In evaluating claims for relief under Rule 12(b)(6), this Court accepts all well pleaded allegations as true and draws all reasonable inferences in the claimant's favor. *Iqbal,* 556 U.S. at 678. However, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555). Pleadings that offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up).

### III. DISCUSSION

Counterclaimant Defendant Kangdi moves to dismiss all counts of Kehoe's counterclaim: direct infringement, induced infringement, and contributory infringement.

#### A. Direct Infringement

To state a claim for direct infringement, a claimant must explicitly plead facts to plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." 35 U.S.C. § 271(a). The level of detail required to plead direct infringement depends on several factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claims, and the nature of the allegedly infringing device. *Bot M8 LLC v. Sony Corporation of America,* 4 F.4th 1342, 1353 (Fed. Cir. 2021).

Kehoe alleges that the Armpow store entered a royalty agreement with him and initially cooperated. Armpow then sold more products like

those covered by the royalty agreement without paying Kehoe royalties. After trying unsuccessfully to negotiate with Armpow and the other store fronts, Kehoe sought remedies through Amazon's patent infringement investigation process. Amazon's similar investigation in 2021 revealed that Armpow likely infringed. Kangdi argues that many of the 752 patent claims are invalid in light of U.S. patents issued prior to Kehoe's patents. Kangdi further argues that because the exercise products they sold lacked certain features such as the ability to fold, they could not have infringed.

Kehoe's allegations are sufficient to state a claim of direct infringement. Without embarking on fact-finding reserved for other procedural postures, this Court finds via a preliminary review of the facts that Armpow's product maintains sufficient similarity to the other accused products. Kangdi's argument that the patent was wrongfully issued is beyond the scope of this suit. Kandi's argument that the lack of features such as foldability preclude any finding of infringement remains a fact question premature for ruling at this stage in the litigation.

Kangdi's Motion to Dismiss is denied as to direct infringement.

### B. Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "A defendant is liable for 'induced infringement under § 271(b)' if the defendant took certain affirmative acts to bring about the commission by others of acts of infringement and had 'knowledge that the induced acts constitute patent infringement.'" *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1286 (Fed. Cir. 2020) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011)).

Such affirmative acts can be found in "advertising an infringing use or instructing how to engage in an infringing use." *Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 630–31 (Fed. Cir. 2015) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)).

Here, Kehoe alleges that with each product sale, Kangdi provided documentation about how to use it in a way captured by Kehoe's patent. Kangdi argues that Kehoe failed to allege direct infringement of any kind, including by a third-party consumer. The Court infers from Kehoe's allegations that Kangdi advertised infringing use that Kehoe has alleged that the purchasers of this advertised product, end users of the consumer product, directly infringed. *See Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 402 F.Supp. 3d 450, 459 (N.D. Ill. 2019); *see also Grokster*, 545 U.S. at 935-36.

Kangdi's Motion to Dismiss is denied as to induced infringement.

### C. Contributory Infringement

To state a claim of contributory infringement, Kehoe must plead facts plausibly demonstrating that Kangdi sold, offered to sell or imported into the United States "a component of a patented machine . . . constituting a material *part* of an invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use[.]" 35 U.S.C. § 271(c) (emphasis added); *see also Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). After the contributory infringer provides a part to a third party, the third party directly infringes.

Kehoe alleges that the accused workout devices themselves are the infringing products and that the making, using, selling, offering to sell, or importing of that entire device constitutes direct infringement by Kangdi. Kehoe does not allege that Kangdi sold a component part of the product that ultimately infringed. Therefore, Kehoe fails to state a claim for contributory infringement.

Kangdi's Motion to Dismiss is granted as to contributory infringement.

## IV. CONCLUSION

For these reasons, Kangdi's Motion to Dismiss Kehoe's Counterclaims (Dkt. No. 26) is granted in part and denied in part.

**IT IS SO ORDERED.**

                                         Harry D. Leinenweber, Judge
                                         United States District Court

Dated: 6/6/2023