IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN KANGDI ELECTRONIC & PLASTIC CO., LTD., *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> MICHAEL KEHOE d/b/a SHAMROCK TRIPLE GYM, <br><br> *Defendant*. | Case No. 1:22-cv-06794 <br><br> Honorable Harry D. Leinenweber |

**ATTORNEYS HAO NI AND NICHOLAS NAJERA'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL**

Hao Ni and Nicholas Najera, attorneys of Ni, Wang & Massand, PLLC, file this Motion to Withdraw as counsel of record for Plaintiffs Shenzhen Kangdi Electronic & Plastic Co., Ltd. et al. ("Plaintiffs") in the above styled case.

**I.    BACKGROUND FACTS**

On December 2, 2022, Plaintiffs filed a declaratory judgment Complaint against Defendant Michael Kehoe d/b/a Shamrock Triple Gym ("Defendant"). Dkt. No. 1. Defendant was served on December 16, 2022. Dkt. No. 12. The Court entered a Preliminary Injunction on January 3, 2023. Dkt. No. 20. Defendant answered with counterclaims on January 23, 2023. Dkt. No. 22. The Parties then engaged in motion practice regarding dismissal of the counterclaims. The Court entered a Scheduling Order on September 21, 2023. Dkt. No. 48

On November 9, 2023, Plaintiffs notified attorneys Ni and Najera of their intent to terminate the representation after failing to fulfill an obligation regarding services rendered. On

1

November 13, 2023, counsel for Defendant communicated that Defendant is not opposed to this Motion.

## II. LEGAL STANDARD

Attorney withdrawal is governed by the Northern District of Illinois Local Rules and the Illinois Rules of Professional Conduct. Local Rule 83.17 states: "The attorney of record may not withdraw… without first obtaining leave of court." Rule 1.16 of the Illinois Rules of Professional Conduct states: "a lawyer… shall withdraw from the representation of a client if… the lawyer is discharged." Further: "a lawyer may withdraw from representing a client if… the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled… or other good cause for withdrawal exists." *Id*.

## III. ANALYSIS

Attorneys Ni and Najera have complied with Local Rule 83.17 by seeking leave of court to withdraw by filing this Motion. Further, good cause exists under Rule 1.16 for withdrawal because attorneys Ni and Najera have been discharged by the client after the client failed to fulfill an obligation regarding services rendered.

## IV. CONCLUSION

For the foregoing reasons, attorneys Ni and Najera's Motion to Withdraw should be granted.

DATED: November 30, 2023 Respectfully submitted,

/s/ Nicholas Najera
Hao Ni
Texas Bar No.: 24047205
Nicholas Najera
Texas Bar No.: 24127049

Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
972.331.4600
972.314.0900 (facsimile)
hni@nilawfirm.com
nnajera@nilawfirm.com

*COUNSEL FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Nicholas Najera
Nicholas Najera